# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

OMAR JEROME GRIFFIS                                                              PETITIONER
ADC #155257

v.                                          5:17cv00342-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                           RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

On June 20, 2013, a jury in the Pulaski County Circuit Court convicted Omar Jerome Griffis of one count of first-degree murder and two counts of attempted first-degree murder. *Griffis v. State*, 2015 Ark. App. 217, 1 (2015). The jury found Mr. Griffis's case qualified for a sentence enhancement for committing a felony with a firearm and imposed a judgment of 540 months' imprisonment. *Id*. Mr. Griffis appealed his conviction to the Arkansas Court of Appeals, and the judgment was affirmed on April 1, 2015. *Id*. In affirming the conviction, the court recited a brief summary of the facts of the case as follows:

> Randy Goins testified that he was a visitor at 824 Allis Street on July 17, 2012, when a green Cadillac pulled in front of the residence. He stated that appellant got out of the back seat and pointed a gun to Brandon Reed's head. According to Goins, Reed hit appellant's hand, but the gun did not go off at that time. He stated that appellant began to shoot toward the carport. Richard Swain testified that he was home at 824 Allis Street on July 17, 2012. He said that Reed, Terry London, and Goins were also at the residence on that date. According to Swain, appellant came up in a Cadillac, got out of the back passenger door, and just started shooting. Swain stated that he was shot in the leg, left shoulder, and left thigh. Detective Tommy Hudson testified that he worked a homicide at 824 Allis Street the summer of 2012. He said that London was found deceased in the carport from a gunshot wound to the head. He stated that he subsequently developed appellant as the suspect.

*Id*. at 3.

On August 11, 2016, Mr. Griffis filed a pro se pleading in the Pulaski County Circuit Court pursuing a multitude of avenues for relief, including a petition for writ of error coram-nobis, allegations of a facially-illegal sentence, state habeas corpus, and a Rule 37 petition. (Doc. No. 8-1.) The circuit court found that it lacked the jurisdiction to hear Mr. Griffis's claims and denied relief on August 20, 2016. (Doc. No. 8-6 at 35.) He filed a motion for reconsideration which the circuit court also denied on November 2, 2016. (*Id*. at 42.) Thirty-six days later, Mr. Griffis filed an untimely notice of appeal and the Arkansas Supreme Court declined to lodge his pleading. *Griffis v. State*, 2017 Ark. 238, 2 (2017). He once again attempted to have his appeal heard by filing a motion for a belated appeal with the Arkansas Supreme Court, which denied it on August 3, 2017. *Id*. at 1.

Now, Mr. Griffis, an inmate at the Cummins Unit of the Arkansas Department of Correction, seeks relief from this Court through the filing of a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 2.) After careful consideration of the Petition, Response, and Reply, for the following reasons, I recommend the Petition be dismissed.

## II.   ANALYSIS

### A.   Time Bar

Mr. Griffis's Petition (Doc. No. 2) is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Title 28 U.S.C. § 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  For Mr. Griffis, time began to run on April 20, 2015 – nineteen days after the Arkansas Court of Appeals denied him appellate relief.[1]  *Griffis*, 2015 Ark. App. 217, 1. He argues his time did not start running until September 14, 2017, the day the Arkansas Supreme Court issued its mandate denying Petitioner relief on his motion for a belated appeal.  However, by the time Mr. Griffis began filing his additional state post-conviction appeals on August 11, 2016, the statute of limitations for federal habeas relief had already expired four months prior. The additional state petitions would not serve as a way to resurrect an untimely federal habeas claim because the statute of limitations for federal habeas relief had already run.  *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[B]y the time Painter filed his state-court application

---

[1] Arkansas prisoners have eighteen days to seek review in the Arkansas Supreme Court if their appeal is denied by the Arkansas Court of Appeals.  Ark. R. Sup. Ct. 2-4(a) (2015).  If the eighteenth day falls on a Saturday, Sunday, or legal holiday, the time shall extend to the next business day.  Ark. R. App. P. – Crim. 17 (2015).  In Mr. Griffis's case, April 19, 2015 was a Sunday.

on November 11, 1997, there was no federal limitations period remaining to toll, and the [federal habeas corpus] petition was properly dismissed as time-barred."). I find Mr. Griffis's Petition for a Writ of Habeas Corpus is more than a year late.

I also find Mr. Griffis is not entitled to equitable tolling. Equitable tolling is only appropriate when a petitioner (1) shows that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Griffis has not alleged that any extraordinary circumstance kept him from filing his petition within the one-year limitation period. Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, do not justify equitable tolling. *See*, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008).

### B. Actual Innocence

Mr. Griffis also raises a claim of actual innocence. The United States Supreme Court made it clear in *McQuiggin v. Perkins* that a claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." 569 U.S. 383, 401 (2013). However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, Mr. Griffis must establish: (1) new and reliable evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that

5

no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* 689 F.3d 921, 934 (8th Cir. 2012).

In Mr. Griffis's claim of actual innocence, he claims that the ballistics and forensics of the recovered weapon were not connected to him, and therefore he cannot be the shooter. (Doc. No. 2 at 10.) He says that his "insufficiency" of the evidence "deserves review and relief." (Doc. No. 10 at 4.) However, this evidence is not new. In fact, Mr. Griffis brought up this "scientific evidence" argument before the jury who nonetheless convicted him. *Griffis*, 2015 Ark. App. 217 at 2. Evidence brought up at trial is not considered "new evidence" as required by *Schlup v. Delo*, 513 U.S. 298 (1995). Mr. Griffis fails to satisfy the first prong of providing new and reliable evidence to prove factual innocence – not merely insufficiency – and my inquiry ends there.

### C. *Martinez v. Ryan*, 566 U.S. 1 (2012)

Giving Petitioner all benefit of the doubt, I will construe that Mr. Griffis has raised a claim of ineffective assistance of counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012). If I assumed that Mr. Griffis was not procedurally defaulted on his ineffective assistance claim and *Martinez* applied, I would perform a merits review of the defaulted claims if: (1) the claim of ineffective assistance was substantial; (2) the "cause was that Mr. Griffis had no counsel in the postconviction proceeding; (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim; and (4) it was highly unlikely that Mr. Griffis had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaloer*, 569 U.S. 413 (2013). In this instance, Mr. Griffis's claim fails on the first prong of the analysis. He argues that defense counsel did not properly investigate the forensic evidence collected in this case, but fails to demonstrate what benefit further investigation would provide. I

6

agree with the Respondent that Mr. Griffis's claim is simply based upon suspicion and conjecture. (Doc. No. 8 at 17.)   This does not rise to the level of a "substantial" claim of ineffective assistance of counsel.

### D.     Due Process

Finally, Petitioner's claim that the Arkansas Supreme Court violated his right to due process by denying his motion for a belated appeal is not a cognizable federal habeas claim.   Mr. Griffis asserts that his notice of appeal complied with prison-mailbox rule, but the Arkansas Supreme Court rejected this argument, saying:

> Under Arkansas Rule of Appellate Procedure–Criminal 2(a) (2016), Griffis was required to file his notice of appeal within thirty days of the date of the entry of the order he sought to appeal. The deadline for filing the notice for an appeal of the November 2, 2016 order denying the motion for reconsideration, the latest order in the record, fell on Friday, December 2, 2016.
>
> This court may act on and decide a case in which the notice of appeal was not filed in the time prescribed when a good reason for the omission is shown. Ark. R. App. P.—Crim. 2(e). If the notice of appeal was filed late, a motion to proceed with the appeal is properly treated as one for belated appeal. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). The burden is on the petitioner to establish good cause for the failure to comply with proper procedure. *See Dodson v. Norris*, 374 Ark. 501, 288 S.W.3d 662 (2008) (noting that a party has the right to argue that there is good cause for a failure to timely perfect an appeal and that this court then has the discretion to allow a belated appeal to go forward).
>
> In his motion for belated appeal, Griffis alleges the delay should be excused because he placed the notice of appeal in the prison mail system "between <u>Tuesday, November 29, 2016</u> and <u>Wednesday, November 30, 2016</u>," even though the notice was not file-marked by the circuit clerk until eight days later. The duty to conform to Rule 2 applies unless the petitioner demonstrates good cause for not conforming. Ark. R. App. P.—Crim. 2(e); *Marshall v. State*, 2017 Ark. 208.
>
> Griffis's notice of appeal did not comply with the conditions set forth in Rule 2(b)(3) for application of the prison mailbox rule, because the notice did not include a notarized statement in compliance with Rule 2(b)(3)(iv). More importantly, Griffis's claim in the motion for belated appeal that he placed the notice in the mail in November is belied by information contained in the record. Griffis's signature on the notice was notarized with the indication that it was sworn on December 5, 2016.

7

> In addition, the record includes a cover letter for the notice, addressed to the circuit clerk and signed by Griffis, indicating that the date it had been mailed was December 6, 2016. Griffis fails to demonstrate that he mailed the notice of appeal prior to the deadline for filing as he claims, and he therefore fails to demonstrate good cause to excuse the procedural default.

*Griffis v. State*, 2017 Ark. 238, 2–3 (2017).

Federal courts will only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court *only* on the ground that he is in the custody in violation of the Constitution of laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Here, Arkansas Supreme Court utilized the "good cause" standard in explaining their decision, as set forth in the Arkansas Rules of Appellate Procedure. *Id*. Mr. Griffis takes issue with state law rather than federal law and therefore, this claim must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is time-barred. Therefore, no certificate of appealability should be issued.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 30th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE